EILEEN G. WINSLOW *vs.* FRANK J. WINSLOW.

NOVEMBER 25, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a petition for an absolute divorce on the ground of extreme cruelty. It was heard before a superior court justice who rendered a decision denying and dismissing the petition. The case is before us on the petitioner's sole exception to the decision.

It appears from the evidence that the parties were married May 17, 1954 and are the parents of one child. They lived together as man and wife until October 1956 and finally separated in May 1957. The petitioner testified that her husband struck her at least ten times within three years; that he spent none of his waking hours at home; that he was always very belligerent; that he drank frequently; and that he never returned home until one or two o'clock in the morning. She testified, however, that he never struck her in the presence of another, and although her testimony was vague as to exact dates she gave details as to four specific occasions, on one of which she added that respondent threatened to kill her.

The petitioner also testified that on one occasion in August 1955 she was treated by a doctor, who advised her that she was suffering from a nervous condition, which she attributed to the unhappy relationship existing between her and respondent. She stated that during the time she lived with her husband she lost weight but after leaving him her condition was greatly improved. She further testified that she had ceased to love her husband, that reconciliation was not possible, and that she believed she had conducted herself as a good wife. Several witnesses also testified for petitioner in partial corroboration.

It appears from the testimony of all the parties that both petitioner and respondent worked for the same manufacturing concern, and at varying times were employed on identical shifts. The record is also replete with sharply

conflicting testimony as to who paid the household expenses and on the issue of whether or not petitioner was guilty of provocation.

The respondent testified that from 1950 until the trial in the superior court he had worked at the Corning Glass Works in Central Falls from three o'clock in the afternoon until eleven o'clock in the evening; that at times he had worked for several hours after 11 p.m. in a place called the "Coffee An' "; and that on occasions he had another part-time job with a local mover. In addition to this, he sometimes worked overtime for his principal employer. It was for these reasons that he would frequently sleep until 1 p.m. Apparently this testimony was offered in explanation of his wife's complaint that he spent none of his waking hours at home.

He denied, however, that he struck his wife on more than three occasions. He stated that the first time he slapped her was after she had thrown a lighted cigarette at him while he lay in bed. When this resulted in setting the bed-clothes on fire, a quarrel ensued and he slapped her somewhere in the back but not in the face. According to respondent's testimony, the second such incident occurred after petitioner had thrown a cup at him. He characterized petitioner's conduct with the statement, "Well, she is a very temperamental girl." The respondent justified the third outbreak of physical violence because of insulting and derogatory remarks made by petitioner about his nationality, which he asserted provoked him to anger. If his version of the physical violence complained of by his wife were accepted as true, no instance of it was severe or without provocation. He flatly denied ever stating that he would kill her.

Unlike petitioner, respondent did not believe that reconciliation was impossible and attributed their quarreling and incompatibility to the fact that she insisted on working. He stated it was his belief that their differences could be elimi-

nated if petitioner gave up her work. The respondent denied in effect that it was necessary for his wife to work to meet the household expenses and repeatedly contradicted her testimony that she paid any household bills. The record discloses that the marital relationship of the parties was something less than harmonious, but that much of it, if not commonplace, was also not unique.

The trial justice observed and heard the witnesses, weighed their testimony, and rendered a decision denying and dismissing the petition. We cannot say that the decision was clearly wrong. This court will grant an absolute divorce on the grounds of extreme cruelty either where the respondent spouse has been guilty of physical violence or where, when guiltless of physical violence, such spouse has nevertheless pursued a willful course of conduct that has impaired the health of the offended spouse. *Borda* v. *Borda,* 44 R. I. 337.

However, the allegation or charge of extreme cruelty must be proved by clear and convincing evidence. *Miller* v. *Miller,* 87 R. I. 145, 139 A.2d 86. Moreover, it must be shown by affirmative and convincing evidence that petitioner was without fault or that the violence complained of happened without participation therein or some provocation by petitioner. *Grimes* v. *Grimes,* 61 R. I. 198; *Lister* v. *Lister,* 82 R. I. 93.

In the instant case the trial justice found that much of the difficulty between the parties was caused by the attitude and actions of the wife toward the husband, that she did not have the normal love of a wife for her husband, and that she apparently insisted on working even though he was employed and did not want her to work.

The trial justice further found that there was no credible medical testimony that the alleged course of conduct of respondent did in fact impair the health of petitioner. She apparently was not impressed with petitioner's testimony in this regard, and rightly so because ordinarily medical

evidence will be required to prove such impairment. It was also the finding of the trial justice that the acts of violence admitted by respondent would not have happened unless provoked and that in this regard the wife was not without fault.

It is well settled in this state that the decision of a trial justice will not be disturbed unless it is clearly wrong. *Sayles v. Sayles,* 41 R. I. 170. In the case at bar the trial justice heard the witnesses and observed their demeanor. We have carefully reviewed the transcript and cannot say that the decision is clearly wrong or fails to do justice between the parties. The testimony of the petitioner was often general, occasionally argumentative, and at times dissembling rather than responsive.

The petitioner's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Alphonse J. Chowaniec,* for petitioner.

*John F. Sherlock, Jr., Charles A. Kelley,* for respondent.